IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EUGENE WILLIS,** | : | No. 3:25cv2478 |
| Petitioner | : | (Judge Munley) |
| v. | : | |
| **WARDEN, USP CANAAN,** | : | FILED SCRANTON |
| | : | DEC 2 3 2025 |
| Respondent | : | PER _____ DEPUTY CLERK |

## MEMORANDUM

Petitioner Eugene Willis ("Willis"), an inmate confined at the United States Penitentiary, Canaan ("USP-Canaan"), initiated this action by filing a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Florida. (Docs. 1, 2). Because Willis is housed in this judicial district, the Middle District of Florida transferred the matter to this court.

Preliminary review of the petition has been undertaken, and, for the reasons set forth below, the court will dismiss the petition for lack of jurisdiction.

I. **Background**

On February 15, 2018, a jury convicted Willis of two counts of carjacking (in violation of 18 U.S.C. § 2119) and one count of brandishing a firearm in furtherance of a crime of violence (in violation of 18 U.S.C. § 924(c)), in the

United States District Court for the Middle District of Florida. United States v. Willis, No. 8:16-cr-453-1 (M.D. Fla.), Doc. 125. The Middle District of Florida sentenced Willis to a total of 204 months in prison, followed by a supervised release term of 5 years. Id., Doc. 168. Willis appealed to the United States Court of Appeals for the Eleventh Circuit. United States v. Willis, 769 F. App'x 863 (11th Cir.). On April 25, 2019, the Eleventh Circuit affirmed the judgment of conviction and sentence. Id.

Willis then challenged his conviction through a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Willis, No. 8:16-CR-453-1, Doc. 191; see also Willis v. United States, No. 8:20-cv-969 (M.D. Fla.). On February 4, 2021, the Middle District of Florida denied his § 2255 motion. Willis, No. 8:16-cr-453-1, Doc. 192; Willis, No. 8:20-cv-969, Doc. 5. Willis filed an appeal to the United States Court of Appeals for the Eleventh Circuit. Willis v. United States, Appeal No. 21-10734 (11h Cir.). On October 22, 2021, the Eleventh Circuit denied Willis' application for a certificate of appealability. Id., Doc. 21. Willis then filed a petition for writ of certiorari with the United States Supreme Court, which was denied on February 28, 2022. Id., Doc. 23.

Willis filed the instant petition pursuant to 28 U.S.C. § 2241 asserting that his conviction for a violation of 18 U.S.C. § 924(c) is no longer lawful in light of the Supreme Court's decisions in United States v. Taylor, 596 U.S. 845 (2022),

2

United States v. Davis, 588 U.S. 445 (2019), and Rosemond v. United States, 572 U.S. 65 (2015). (Doc. 2). Willis therefore seeks to have his § 924(c) conviction vacated. (See id.).

## II. Legal Standards

### A. Screening of Habeas Petitions

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254, Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254, Rule 1(b).

### B. Section 2241 Habeas Petitions

Section 2241 confers federal jurisdiction over a habeas petition that has been filed by a federal inmate challenging "not the validity but the execution of [their] sentence." Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (citations and footnote omitted); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (stating that § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence in habeas"). While "the precise meaning of 'execution of the sentence' is hazy[,]" the phrase has been interpreted as to "put into effect" or "carry out." Woodall, 432 F.3d at 242, 243

(citation omitted).  As a result, a federal inmate may challenge conduct undertaken by the BOP that affects the duration of the inmate's custody.  See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (finding that a federal inmate's § 2241 petition is actionable where the inmate attacks the term of their custody by challenging the manner in which the BOP is computing their federal sentence).

## III. Discussion

Willis seeks to challenge his § 924(c) conviction pursuant to Taylor, Davis, and Rosemond, alleging that his predicate offense no longer qualifies as a requisite crime of violence.  (Doc. 2).

While a § 2241 habeas petition may properly be used to challenge the execution of a criminal sentence, such a petition may normally not be used to challenge the validity of the conviction or sentence themselves.  See, e.g., Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001).  Generally, a federal prisoner seeking to challenge his conviction or sentence must do so through "a motion filed under 28 U.S.C. § 2255 in the sentencing court."  Rodriguez v. Warden Lewisburg USP, 645 F. App'x 110, 112 (3d Cir. 2016) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)).

Courts of Appeals previously permitted prisoners to challenge their convictions under § 2241 in very limited circumstances. See e.g., In re Dorainvil, 119 F.3d 245 (3d Cir. 1997). However, the United States Supreme Court recently overruled those decisions, holding that an inmate may not resort to challenging his conviction through a § 2241 petition unless "unusual circumstances make it [essentially] impossible or impracticable to seek relief in the sentencing court" such as where the sentencing court no longer exists. Jones v. Hendrix, 599 U.S. 465, 475-79 (2023). Thus, so long as it is not essentially impossible to pursue a § 2255 motion, federal law requires a petitioner to challenge his conviction only through a motion brought pursuant to § 2255, regardless of whether the petitioner can meet that statute's gatekeeping restrictions. Id. at 477-79. That a petitioner may be procedurally barred—such as through § 2255's time bar or the restriction on successive motions to vacate sentence—serves as no basis for resorting to § 2241. Id.; see also Voneida v. Johnson, 88 F.4th 233, 237-38 (3d Cir. 2023). When an inmate files a habeas petition pursuant to § 2241 challenging his conviction and it is not essentially "impossible" for him to resort to § 2255, the habeas court will lack jurisdiction over the petition and must dismiss it for lack of jurisdiction. Voneida, 88 F.4th at 238.

Here, it is not essentially impossible for Wills to seek relief under § 2255. The only court having jurisdiction over Willis' claims would be his sentencing court. If Willis wishes to pursue his claims, he must do so by filing a petition for leave to file a second or successive habeas petition with the Eleventh Circuit Court of Appeals. Willis may not resort to a § 2241 habeas petition to bring his claims. See Jones, 599 U.S. at 471 (§ 2255(e) "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition").

## IV.  Conclusion

Consistent with the foregoing, the court will dismiss the § 2241 habeas petition without prejudice for lack of jurisdiction.

An appropriate order shall issue.

BY THE COURT:

/s/ Julia K. Munley

JUDGE JULIA K. MUNLEY
United States District Court

Dated:     December 23, 2025